# WINDOW ROCK DISTRICT COURT

March 8, 1982

No. WR-CV-558-81

OPINION AND ORDER

MARY LYNN FOSTER, Plaintiff, v.

BENJAMIN LEE, Defendant.

Honorable Tom Tso, Judge presiding.

## BACKGROUND

This is a domestic relations case involving child support. On October 21, 1981, this court ruled on a petition for a writ of garnishment to obtain payroll deductions for child support from wages earned by Benjamin Lee, the defendant, who is an employee of the Navajo Tribal Utility Authority (NTUA). The order issued by this court is clear and straightforward, and it required a deduction of two hundred and fifty dollars ($250.00) from each payroll check payable to the plaintiff. One hundred dollars ($100.00) was allocated to an arrearage and one hundred fifty dollars ($150.00) was for the monthly child support ordered by the court to come from the defendant's earned wages until further order.

The order was forwarded to the Controller of the Navajo Tribal Utility Authority at Fort Defiance, Navajo Nation (Arizona) and apparently the controller forwarded the order to the authority's attorney.

The Navajo Tribal Utility Authority then entered a special appearance to challenge jurisdiction and made a motion to quash the writ of garnishment. In its pleadings the Navajo Tribal Utility Authority made three propositions:

1. The NTUA, as an enterprise of the Navajo Nation, is immune from suit pursuant to Navajo Tribal Resolution CMY-42-80, the Navajo Tribal Sovereign Immunity Act;

2. The provisions of 7 N.T.C. § 255 do not provide an explicit authorization for the District Court to issue writs of garnishment, in aid of the exercise of its jurisdiction.

3. The Writ of Garnishment served on the NTUA violates the 1968 Indian Civil Rights Act (15 USC Sec. 1302) because no opportunity was provided to it to appear and answer the writ, thus denying equal protection and due process of law to a garnishee.

At the time of oral argument the NTUA also raised an additional point, indicating the writ of garnishment violates the provisions of 15 U.S.C. § 1673. The petitioner argues the writ was properly issued.

This Court is confronted with a situation where its lawful order is denied enforcement by an enterprise of the Navajo Nation which is neither a plaintiff nor a defendant in the action. Therefore this opinion

will state the Navajo Tribal Law supporting the validity of its prior order, and it will address the issues raised by the NTUA.

## ISSUE ONE

WHETHER THE NTUA, AN ENTERPRISE OF THE NAVAJO NATION, IS IMMUNE FROM SUIT PURSUANT TO NAVAJO TRIBAL RESOLUTION, CMY-42-80, UNDER THE CIRCUMSTANCES OF THIS CASE.

As previously stated, this case is a simple divorce action between two private parties, where a divorce decree has been issued, and the decree includes a provision for child support to be paid by the defendant. Subsequently the defendant failed to comply with the child support provisions of the divorce decree and consequently he was brought before this court on an order to show cause, at which time the court found the defendant was in contempt of court and issued orders accordingly. In the last order the defendant was ordered to pay the arrearage of support payments and also to continue making child support payments.

The Navajo Tribal Utility Authority argues that Navajo Tribal Council Resolution CMY-42-80, the Navajo Sovereign Immunity Act, specifically provides that enterprises of the Navajo Nation are immune from suit in the courts of the Navajo Nation except where such a suits are explicitly authorized by a resolution of the Navajo Tribal Council.

The provision of the order issued by this court on October 21, 1981 which is applicable to NTUA, is found at page 2 of that order, which states:

"THEREFORE IT IS HEREBY ORDERED, pursuant to the equitable power of this court and 7 N.T.C. § 255 that the controller of the Navajo Tribal Utility Authority shall withhold Two-Hundred and Fifty Dollars from each payroll check of respondent for payment to the petitioner through registry of this court as follows:

One Hundred ($100.00) allocated to the arrearage and One Hundred Fifty ($150.00) for the monthly child support payment ordered by this court.

IT IS FURTHER ORDERED that the controller of the Navajo Tribal Utility Authority shall not fail in any way to comply with this order."

The Navajo Sovereign Immunity Act immunizes the Navajo Nation from lawsuits. The definition of "Navajo Nation" includes the enterprises of the Navajo Nation. The Navajo Tribal Utility Authority is an enterprise of the Navajo Nation, so therefore it is clear the Navajo Tribal Utility Authority is immune from suit.

A provision of the resolving cause of the Navajo Sovereign Immunity Act outlines the exceptions and states:

"Any officer, employee or agent of the Navajo

Nation may be sued in courts of the Navajo Nation to compel him or her to perform his or her responsibility under the laws of the United States and the Navajo Nation."

The question raised is whether the Navajo Tribal Utility Authority is a party in the action of Foster vs. Lee? The court finds Foster is the plaintiff and Lee is the defendant in this divorce action and the Navajo Tribal Utility Authority is simply not a party to the action. NTUA is only ordered by this court to surrender earned income (a form of property) of the defendant to the plaintiff. The NTUA is not sued for money damages nor is it a party to the action. Therefore the NTUA, an enterprise of the Navajo Nation, is not immune from this court's order directing it to surrender defendant's property to the plaintiff pursuant to the writ of garnishment.

## ISSUE TWO

### WHETHER 7 N.T.C. § 255 PROVIDES EXPLICIT AUTHORIZATION FOR THE DISTRICT COURT TO ISSUE A WRIT OF GARNISHMENT IN AID OF THE EXERCISE OF ITS JURISDICTION.

The NTUA argues there is no explicit authority in the Navajo Tribal Code which authorizes the district courts of the Navajo Nation to issue writs of garnishment.

The NTUA further contends garnishment is a purely statutory proceeding, unknown in the common law, and such a measure must be explicitly legislated in order to be effected. It contends the Navajo Tribal Council has not passed such legislation. In support of its position the NTUA cites Wein v. Gailbraith 92 Ariz. 279, 376 P.2d 396 (1962).

The NTUA has argued the provisions of 7 N.T.C. § 255 do not provide explicit authorization for the district court to issue writs of garnishment in aid of the exercise of its jurisdiction. It contends 7 N.T.C. § 255 authorizes only ancillary writs necessary to carry out an order where the district court has proper personal jurisdiction over a party and the party is being ordered to do an act. It says a writ of garnishment is not an ancilliary remedy but only a purely statutory proceeding in aid of creditors to assist in the collection of debts.

There has been some discussion as to whether garnishment is a remedy which is available to enforce judgments of the courts of the Navajo Nation. Indeed the judges of the Navajo Nation, at a regular meeting on July 2, 1981, discussed this question at length and came to an informal consensus that Navajo Law does indeed provide for garnishment.

The plaintiff chose the garnishment procedure to enforce her judgment. What is the procedure called garnishment?

The term "garnishment" denotes a proceeding by a creditor to obtain satisfaction of indebtness out of property or credits of the debtor in the possession of, or owing by, a third person. The person instituting the proceeding is generally referred to as a creditor or plaintiff, the person indebted to the creditor is called the debtor or

defendant, and the person holding the property or who is indebted to the debtor is called garnishee.

Garnishment is said to be, in effect, an action by the defendant against the garnishee for the use of the plaintiff, or a suit by the plaintiff in which the plaintiff is subrogated to the rights of the defendant, and it has been termed a compulsory novation. 6 Am.Jur.2d., Attachment and Garnishment, Sec. 2.

It is true garnishment generally did not exist at common law, but the remedy is one which exists by virtue of local law, and the law of the forum determines the validity and regularity of the proceeding.

Before going on to discuss whether garnishment is a remedy which exists under our law and whether the order was valid under our law, it should be noted child support could be enforced in this case by means of a wage execution under our execution rules and statutes 30 Am.Jur.2d, Execution Sec. 137.

Wage executions are of course supportable with writs of execution. 7 N.T.C. § 705 provides:

> "The party in whose favor a money judgment
> is given by the courts of the Navajo Tribe may
> at any time within five years after entry thereof
> have a writ of execution issued for its enrollment.
> . . . ."

This section alone would be sufficient to support the order of this court. However, it is not the only section upon which an order to execute upon wages can be founded.

A writ of garnishment is perfectly proper under 7 N.T.C. § 255, which provides:

> "The trial court shall have the power to issue
> any writs or orders necessary and proper to the
> complete exercise of its jurisdiction."

This court has granted a judgment. The court has jurisdiction over the parties and subject matter of this suit. Does that now mean the court cannot enforce its jurisdiction by making certain the judgment is carried out? That would be an absurd result, and the law abhors absurd results.

These two sections are not the only ones which provide a remedy. 7 N.T.C. § 701(a) gives the judges of the Navajo courts the authority to adopt rules of pleading, practice and procedure. We have adopted the following rules which are applicable in this case:

> "Satisfaction of judgment shall be by writ of exe-
> cution except where the judgment is for child support,
> in which the case the failure to pay may also be pun-
> ished by contempt after a show cause hearing."
> Rule 13, Rules of Civil Procedure."

> "The court shall have the power to order any
> relief required after the determination of the facts
> and law, whether such relief be equitable or legal
> in nature." Rule 23, Rules of Civil Procedure.

These rules, coupled with the statues cited above, give this court full authority to create a plastic remedy, appropriate to the enforcement of its judgment.

Therefore, I hold as a matter of law of the Navajo Nation, that the order of this court dated October 21, 1981 is valid and regular on its face and it does conform with the laws of the Navajo Nation.

## ISSUE THREE

### WHETHER THE WRIT OF GARNISHMENT SERVED ON NTUA DENIES IT EQUAL PROTECTION AND DUE PROCESS OF LAW UNDER THE 1968 INDIAN CIVIL RIGHTS ACT (25 USC Sec. 1302)?

The Navajo Tribal Utility Authority argues the writ of garnishment served on it violates the Indian Civil Rights Act (25 USC Sec. 1302) because there was no opportunity for it to answer the writ, thus denying it equal protection and due process of law.

25 USC Sec. 1302(8) states: "No Indian Tribe in exercising powers of self-government shall deny to any person within its Jurisdiction the equal protection of its law or deprive any person of liberty or property without due process of law."

The property to be garnished pursuant to the order of this court is the earned wages of the defendant. The situation is very clear the money belongs to the NTUA before it is earned, but once the defendant earns the money then it is no longer the property of the NTUA but that of the defendant. The order simply directs NTUA to deliver the property of the defendant to the possession of the plaintiff. The property sought here is not that of the NTUA. Therefore the NTUA is not deprived to its property. The NTUA contention is obviously off the mark.

## ISSUE FOUR

### WHETHER THE COURT ORDER DATED OCTOBER 23, 1981 VIOLATES THE PROVISIONS OF 15 USCS Sec. 1673.

At the time of oral argument NTUA raised an additional point contending the writ of garnishment violates the provisions of 15 USC Sec. 1673 in that the amount garnished from the earned wages of the defendant exceeds the limitations provided.

15 USC Sec. 1673(a) says "Except as provided in subsection (b) and in section 305 (15 USCS 1675), the maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment may not exceed:

(1.) 25 per centum of his disposable earnings for that week, or

(2.) The amount by which his disposable earnings for that week exceed thirty times the federal mimimum hourly wages prescribed by Section 6(a)(1) in effect

at the time the earnings are payable, whichever is less. In the case of earnings for any pay period other than a week, the Secretary of Labor shall by regulation prescribe a multiple of the Federal minimum hourly wage equivalent in effect to that set forth in paragraph (2)."

15 USC Sec. 1673(b) provides, "the restrictions of subsection (a) do not apply in the case of:

(1.) Any order of the court for the support of any person...." The writ of garnishment issued by this court involves the support of another person (children). Therefore it is very clear the restrictions on garnishment in 15 USC Sec. 1673(a) do not apply. See also, "Federal law limits on wage garnishment," (1982) Navajo L.J. 4015 (Informal Counsel Opinion, Oct. 20, 1981).

## ORDER

Upon the foregoing opinion the court makes its orders as follows:

1. The writ of garnishment dated October 21, 1981 will remain in full force and effect.
2. The controller of the Navajo Tribal Utility Authority shall comply with the writ of execution garnishment immediately.
3. The motion to quash of the NTUA is DENIED.